**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abram GARCIA, Jr.,**
**Defendant–Appellant.**

**No. 89–1499**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1989.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Abram Garcia, Jr. pled guilty to distribution of eight ounces of cocaine and was sentenced to fifty-two months imprisonment. Garcia contends that the district court, when it took into account cocaine that was promised but undelivered, incorrectly applied the Federal Sentencing Guidelines in determining the amount of cocaine to be considered in computing his base offense level. We find no error in the application of the Sentencing Guidelines, and we affirm the sentence imposed by the district court.

I

On January 15, 1989, during the course of a Drug Enforcement Administration ("DEA") investigation, a DEA Task Force agent, while acting in an undercover capacity, telephoned Garcia at a number given to the agent by Garcia. Garcia told the agent that his source was out of "stuff," but would get more, and was expected to arrive with the cocaine the following evening. Garcia advised the agent that he "had a kilo coming in." The agent told Garcia that he could handle sixteen ounces. Garcia replied that the price would be $1,100 per ounce, for a total of $17,600.

On January 16, 1989, the DEA agent contacted Garcia by telephone concerning the purchase of the sixteen ounces of cocaine which they had previously discussed. Garcia told the agent that he would call him back later to set up the meeting to deliver the cocaine. When Garcia called the agent later that same evening, he advised the agent that his source was back in town, but had only eight ounces of cocaine. Garcia and the agent arranged to meet later that evening. At the meeting, Garcia sold eight ounces of cocaine to the DEA agent, and was immediately arrested.

J. Edwin Price, Price & Ogan, Lubbock, Tex. (Court-appointed), for defendant-appellant.

C. Richard Baker, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

II

Garcia was indicted for various acts involving the distribution of cocaine. Count

One of the indictment charged Garcia with distribution of one ounce of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Two charged Garcia with distribution of eight ounces of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts Three, Four, Five and Six charged Garcia with illegal use of a communication facility to facilitate the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

Garcia pled guilty to Count Two pursuant to a plea bargain agreement. The district court accepted Garcia's guilty plea as to Count Two and entered a judgment of conviction. Pursuant to the terms of the plea bargain agreement, the remaining counts were dismissed. Garcia was sentenced to a prison term of fifty-two months, to be followed by a mandatory supervised release for a term of five years.

Garcia objected to the United States Probation Office's recommendation in its presentence report to the court that Garcia's sentence under the Federal Sentencing Guidelines be determined based upon sixteen ounces of cocaine rather than eight ounces. Garcia asserted that the court was limited to consideration of only the eight ounces of cocaine specified in Count Two of the indictment to which Garcia pled guilty. The district court rejected Garcia's argument and imposed sentence under the Sentencing Guidelines based upon sixteen ounces of cocaine. Garcia appeals, contending that the district court erroneously applied commentary from Guideline § 2D1.4 in determining the appropriate sentence range.

### III

In applying the Sentencing Guidelines, the first step is to "[d]etermine the applicable offense guideline section from Chapter Two." Sentencing Guidelines, § 1B1.1(a). Section 2D1.1 of the Sentencing Guidelines is the guideline section most applicable to the offense of distribution of cocaine. Under section 2D1.1, a crime involving eight ounces (226.80 grams) of cocaine has a Base Offense Level of 20, while a crime

involving sixteen ounces (453.60 grams) has a Base Offense Level of 24. Taking into account the district judge's downward adjustment for acceptance of responsibility, the resulting offense levels are 18 for eight ounces of cocaine and 22 for sixteen ounces. These offense levels translate into sentencing ranges of thirty to thirty-seven months and forty-six to fifty-seven months, respectively, because Garcia's Criminal History Category is II.

■ Although Garcia pled guilty to a count charging him with distribution of eight ounces of cocaine, during the course of negotiations, as we have already noted, he represented that he could deliver sixteen ounces. The district court implicitly found that this was not mere "puffing" because it found as a fact, after hearing testimony and the arguments of counsel, that Garcia was "reasonably capable of producing the negotiated amount of [an] additional eight ounces." That finding of fact is supported by the record and is not clearly erroneous.

Relying on the commentary to section 2D1.4 (headed "Attempts and Conspiracies"), the district court determined that the appropriate amount of drugs to be considered in computing Garcia's base offense level was sixteen ounces, rather than eight ounces, of cocaine, resulting in a base offense level of 24. Garcia contends that the district court erred because section 2D1.4 applies only to attempts and conspiracies and that, because he was not convicted of an attempt or conspiracy, the district court's reliance on the commentary to section 2D1.4 was erroneous. We cannot agree.

■ We first turn to section 2D1.1 as the guideline section most applicable to the offense of distribution of cocaine. Application Note 11 to § 2D1.1 makes clear that the district court is not bound by the specific quantity of drugs mentioned in the indictment. Application Note 11 to § 2D1.1 (rev. ed. 1988) states:

Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. See § 1B1.3(a)(2) (Relevant Con-

duct). If the amount seized does not reflect the scale of the offense, *see* Application Note 2 of the Commentary to § 2D1.4. If the offense involved negotiation to traffic in a controlled substance, *see* Application Note 1 of the Commentary to § 2D1.4.

■ Turning then to Application Note 1 to § 2D1.4 (rev. ed. 1988) ("Attempts and Conspiracies"), we find that it provides:

> If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. Where the defendant was not reasonably capable of producing the negotiated amount the court may depart and impose a sentence lower than the sentence that would otherwise result.

Although it is true, as Garcia argues, that Application Note 1 of the Commentary to § 2D1.4 is located under the heading "Attempts and Conspiracies," the language of Application Note 1 makes clear that its application is not limited to attempts or conspiracies. Moreover, Application Note 11 to § 2D1.1, which Garcia admits is the appropriate guideline section, specifically directs the sentencing court to "*see* Application Note 1 of the Commentary to § 2D1.4" if the offense involves "negotiation to traffic in a controlled substance."

■ It is, of course, undisputed that Garcia was not convicted of an attempt or a conspiracy, and the district court so held. Garcia was, however, convicted of the offense of distributing eight ounces of cocaine, which is unquestionably "an offense involving negotiation to traffic in a controlled substance." The district judge considered evidence that Garcia negotiated with an undercover DEA agent for the sale of sixteen ounces of cocaine, and found as a fact that Garcia was reasonably capable of producing sixteen ounces of cocaine. The district court clearly acted properly in considering the additional eight ounces of cocaine under negotiation in determining Garcia's offense level. Because the district court correctly applied Guideline 2D1.1 to findings of fact which were not clearly erroneous, we affirm the district court's determination of Garcia's base offense level. The sentence imposed by the district court is therefore

AFFIRMED.