**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 92-3028**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**


**VERSUS**


**STEVEN T. WILLIAMS,**

**Defendant-Appellant.**


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(September 21, 1992)

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Claiming that the crime for which he was convicted was a one-time act of "aberrant behavior", Steven T. Williams challenges the sentencing court's refusal to grant him a downward departure on that basis. Assuming _arguendo_ that such a departure was authorized, it was not justified under the facts of this case. We **AFFIRM**.

I.

On August 1, 1991, Williams entered a bank and presented a teller with two demand notes. One read:

> Give me all your money in your draw. Don't be no hero. Because if you do you will see me again. I want 3 sacks of $100.00 bills and all the rest of

your money.  Put it up on the counter and no tricks
and no bums.  Give the note back and close your
booth and walk away.

Thank you.

The second, written on a bank withdrawal slip dated July 29, 1991, stated: "All of your money ... all of your money", and was signed "John Doe".

The teller handed Williams a bag containing approximately $2700 and a dye pack.  Shortly after he left the bank, the pack exploded, causing him to drop the bag.  Williams then left the scene in a car which was traced to his sister.  Upon returning it to his sister's house later that day, he was arrested and read his rights, admitted robbing the bank, and consented to a search of his home, which revealed clothes matching the description of those worn by the perpetrator.

Williams pleaded guilty.  Before sentencing, he requested a downward departure from the guidelines range, contending that his actions in robbing the bank were spontaneous and constituted aberrant behavior.  At the sentencing hearing in January 1992, the district court denied the motion, questioning its authority to depart on that basis, but finding that, even if such authority existed, the departure was inappropriate in this case.  Williams was sentenced at the bottom of the guidelines range to, *inter alia*, 33 months in prison.

## II.

Williams contends that the district court refused to depart only because it did not believe it had authority to do so.  The

2

government responds that an aberrant behavior departure cannot be employed when the defendant has committed a violent crime. We do not reach whether it is authorized in such cases, because the district court made a factual finding that Williams' behavior was not aberrant.[*]

At the sentencing hearing, the district judge stated that he did not think that he had the authority to so depart, but later stated that Williams' actions did "not qualify as aberrant behavior justifying departure". As with any finding of fact, a district court's determination that a circumstance which might warrant departure does not exist is reviewed for clear error. *See United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992).

Although the Guidelines do not define "aberrant behavior", we are most certain that it requires more than an act which is merely a first offense or "out of character" for the defendant. *Accord United States v. Carey*, 895 F.2d 318, 325 (7th Cir. 1990). Instead, those considerations are taken into account in calculating the defendant's criminal history category. U.S.S.G. Ch.4, Pt.A, intro. comment. & § 4A1.1. (For Williams, that category was I; the PSR stated that he had no criminal history points, in part because he did not have a prior criminal conviction.) As the Seventh Circuit has stated,

---

[*] The term "aberrant behavior" appears in the Guidelines only in an introductory section, "Probation and Split Sentences", where the Sentencing Commission states that it "has not dealt with single acts of aberrant behavior that still may justify probation at higher offense levels through departures." U.S.S.G. Ch.1 Pt.A intro. comment. 4.(d).

3

> there must be some element of abnormal or exceptional behavior.... A single act of aberrant behavior ... generally contemplates a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable.

*Carey*, 895 F.2d at 325.

Williams' act appears neither spontaneous nor thoughtless. For example, one of his demand notes was dated several days before the robbery. We do not find clear error in the district court's determination that this behavior does not qualify as aberrant.

### III.

Accordingly, the sentence is

**AFFIRMED.**

4