IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-2619
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN VERMONT BURLESON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas

- - - - - - - - - -

(May 18, 1994)

Before HIGGINBOTHAM, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Julian Vermont Burleson pleaded guilty to being a convicted felon in possession of a firearm and was convicted without a plea bargain agreement. The district court sentenced Burleson to a prison term of 27 months and a supervised release term of three years and imposed a special assessment of $50. The prison term was the lowest allowed under the applicable guidelines' sentencing range.

Burleson provided law enforcement officers executing a state probation revocation warrant permission to search his apartment. During the search the officers discovered a functional .32 caliber revolver. Burleson told the probation officer that he had purchased the revolver three years earlier for $20 and kept

the gun because he needed it.  At his rearraignment Burleson told the district court that he possessed the pistol as collateral for a loan he had made to an acquaintance.

Burleson argues that in light of his employment record and commitment to his family, his possession of the firearm was the type of aberrant behavior that this Court's legal precedent and the sentencing guidelines intended to punish leniently through downward departures from the applicable guidelines range.

The district court's determination that a proposed justification for a downward departure does not warrant departure, like fact-findings, is reviewed for clear error. United States v. Williams, 974 F.2d 25, 26 (5th Cir. 1992), cert. denied, 113 S.Ct. 1320 (1993).

The clearly erroneous standard requires affirmance if the district court's account of the evidence is plausible in light of the record viewed in its entirety, notwithstanding that the court of appeals might have weighed the evidence differently to reach a different conclusion had it been sitting as the trier of fact. Anderson v. Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

The Court has noted that the guidelines do not define "aberrant behavior" and that the term appears only in an introductory section of the guidelines that does not resolve application of the concept during sentencing.  Williams, 974 F.2d at 26 & *.  Citing the Seventh Circuit with approval, this Court has held that:

> there must be some element of abnormal or
> exceptional behavior . . . .  A single act of
> aberrant behavior . . . generally
> contemplates a spontaneous and seemingly
> thoughtless act rather than one which was the
> result of substantial planning because an act
> which occurs suddenly and is not the result
> of a continued reflective process is one for
> which the defendant may be arguably less
> accountable.

Id. at 26-27 (internal quotation and citation omitted); see

United States v. O'Brien, 18 F.3d 301, 303 (5th Cir. 1994).

Although this Court has reserved the question whether a downward

departure for a single act of aberrant and violent behavior is

available under the guidelines, it is not necessary to reach the

issue in this case because the district court's factual finding

that Burleson's behavior was not aberrant was not clearly

erroneous as will be discussed below.  See Williams, 974 F.2d at

26.

As the Court noted in Williams, the Sentencing Commission's

stand on aberrant behavior was that the Commission "`has not

dealt with single acts of aberrant behavior.'"  Williams, 974

F.2d at 26 *.

A defendant's employment record and his family ties and

responsibilities are not ordinarily relevant in determining

whether a departure is warranted.  U.S.S.G. §§ 5H1.5, 5H1.6; see

O'Brien, 18 F.3d at 302-03.  Further, there is no indication in

the record that Burleson's possession of the firearm was the type

of aberrant, abnormal, or exceptional behavior envisioned by the

Court in Williams such that the district court's judgment would

be clearly erroneous.  Even if Burleson possessed the gun only as

collateral, this suggests a conscious and deliberate act and not an aberrant or exceptional one.

The Sentencing Commission has explained that departures are appropriate, "[w]hen a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm . . . ." U.S.S.G. Ch. 1, Pt.A(4)(b), intro. comment. Burleson's possession of the firearm is not the type of exceptional circumstance warranting departure. See O'Brien, 18 F.3d at 303.

This Court will not review the district court's refusal to depart from the guidelines unless the refusal was in violation of the law. United States v. Mitchell, 964 F.2d 454, 462 (5th Cir. 1992). Such a violation of law occurs if the district court refuses to depart under the mistaken assumption that it could not legally do so. Id. In this case the district court chose not to depart from the applicable guidelines range because it believed that Burleson's behavior was not aberrant. The district court did not err by refusing to grant the downward departure.

This appeal is frivolous. We caution counsel. Federal Public Defenders are like all counsel subject to sanctions. They have no duty to bring frivolous appeals; the opposite is true. See United States v. Thomas, (5th Cir. May 18, 1994, No. 93-3558) (unpublished; copy attached).

APPEAL DISMISSED.

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-3558

Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

COREY GANNON THOMAS,

                                        Defendant-Appellant.

- - - - - - - - - -

Appeal from the United States District Court

for the Eastern District of Louisiana

USDC No. CR-92-589 "H" (4)

- - - - - - - - - -

May 18, 1994

Before HIGGINBOTHAM, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Corey Gannon Thomas pleaded guilty to possessing more than two kilograms of cocaine with intent to distribute, and his sentence was based on that amount. The factual basis of the plea states that he possessed slightly more than two kilograms. The district court's factual finding regarding that amount is not clearly erroneous. See United States v. Montoya-Ortiz, 7 F.3d 1171, 1179 (5th Cir. 1993).

The district court rejected Thomas's argument that the sentence should not have been based on two kilograms because he did not have the actual ability to distribute that amount. We review the district court's legal conclusions regarding the Sentencing Guidelines de novo. Id.

Thomas relies on United States v. Garcia, 889 F.2d 1454, 1457 (5th Cir. 1989), cert. denied, 494 U.S. 1088 (1990). Garcia holds that a defendant convicted of distribution of eight ounces of cocaine may be sentenced on the basis of the eight ounces that he actually distributed plus eight additional ounces that he negotiated to distribute but never actually distributed. Id. Garcia's crime of conviction was a choate offense, but his sentence was properly based on completed and uncompleted distribution. Id. That holding comports with U.S.S.G. § 2D1.1,

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

comment. (n.12), which addresses a quantity "under negotiation in an uncompleted distribution."

In the instant case, there is no uncompleted amount. Thomas actually possessed two kilograms, and he was sentenced on the basis of that amount. <u>Garcia</u> is inapposite.

This appeal borders on being frivolous. We caution counsel. Federal Public Defenders are like all counsel subject to sanctions. They have no duty to bring frivolous appeals; the opposite is true. <u>See</u> <u>United States v. Burleson</u>, ___ F.3d ___ (5th Cir. May 18, 1994, No. 93-2619).

AFFIRMED.