IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40360
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

DIONICIO GONZALEZ,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-95-CR-245-01
- - - - - - - - - -
January 30, 1997
Before WISDOM, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Dionicio Gonzalez appeals his sentence for possession to

distribute marijuana.  Gonzalez argues that the district court

plainly erred in calculating his criminal history and that the

court mistakenly believed that it lacked the authority to depart

downward.  Gonzalez also contends that his attorney was

ineffective for failing to request to review the presentence

report with Gonzalez, failing to object that some prior

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

convictions were "double-counted" for purposes of determining his criminal history category, and failing to move for a downward departure. We have reviewed the record and the briefs of the parties and find no error, plain or otherwise, in the district court's determination of Gonzalez's criminal history category. See United States v. Box, 50 F.3d 345, 359 (5th Cir.), cert. denied, 116 S. Ct. 309 (1995). The record does not suggest that the district court believed that it lacked the authority to depart downward. United States v. Burleson, 22 F.3d 93, 95 (5th Cir.), cert. denied, 115 S. Ct. 283 (1994). Gonzalez's statements to the district court refute his claim that he was denied an opportunity to review the presentence report. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Gonzalez has failed to establish that counsel was ineffective for failing to object to the calculation of his criminal history or move for a downward departure. See Box, 50 F.3d at 359; Burleson, 22 F.3d at 95; Strickland v. Washington, 466 U.S. at 687.

AFFIRMED.