IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40722
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT LEE SMITH, III,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-95-CR-11-1
- - - - - - - - - -
March 28, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Herbert Lee Smith, III, (Smith) appeals his sentence for possession with the intent to distribute cocaine base. He argues that the district court erred: by denying him a downward departure, by enhancing his offense level for possession of dangerous weapons, and by not exercising its discretion to waive the interest on the fine imposed. Although a violation of law occurs if the district court refuses to depart under the mistaken assumption that it does not have the authority to do so, *United*

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

*States v. Burleson*, 22 F.3d 93, 95 (5th Cir.), *cert. denied*, 115 S. Ct. 283 (1994), there is no indication in this case that the district court believed it lacked the authority to depart from the guidelines.

Because it was not clearly improbable that the weapons were connected to Smith's offense, the district court did not commit clear error by applying the challenged enhancement. *United States v. Castillo*, 77 F.3d 1480, 1498 (5th Cir.), *cert. denied*, 117 S. Ct. 180, 236, 502 (1996). There is no plain error concerning the district court's failure to exercise its discretion to waive the fine or the court's mistaken belief that it lacked the authority to do so. *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 963 (1996); 18 U.S.C. § 3612 (f)(3)(A), (h) (West Supp. 1996).

AFFIRMED.