IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30753
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

EDDIE LEE GLENN,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-354-E
- - - - - - - - - -
July 14, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:*

    Eddie Lee Glenn appeals his conviction of possession with

intent to distribute crack cocaine and conspiring to possess with

intent to distribute crack cocaine.  Glenn also appeals his

sentence.  He contends that the district court erred by denying

his motion to suppress evidence and erred by denying his

requested instruction regarding use of extrinsic bad-act

evidence; that the evidence was insufficient to support his

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

conviction; and that the 100:1 sentencing disparity between crack cocaine and powder cocaine offenses violates the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment.

First, the tips provided by the confidential informant and police corroboration of those tips gave rise to probable cause to stop the van driven by Glenn and to arrest Glenn. *Gates v. Illinois*, 462 U.S. 213, 241-46; *United States v. Carrillo-Morales*, 27 F.3d 1054, 1062 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1163 (1995). Second, Glenn elicited the extrinsic-act evidence for which he sought a limiting instruction. He may not complain about an error that he invited. *Tel-Phonic Servs., Inc. v. TBS Int'l Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

Third, the evidence indicated that the confidential informant and Eric Ardoin negotiated the crack cocaine transaction underlying Glenn's conviction and that Ardoin enlisted Glenn's assistance. Glenn helped Ardoin obtain and wrap the crack cocaine, then drove the crack cocaine from Houston to Houma, Louisiana. The evidence was sufficient to support Glenn's conviction. *United States v. Velgar-Vivero*, 8 F.3d 236, 241 (5th Cir. 1993); *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989).

Fourth, we have squarely rejected Glenn's arguments regarding the sentencing disparity between crack and powder cocaine. *United States v. Fisher*, 22 F.3d 574, 579 (5th Cir. 1994). We remind counsel that federal public defenders, like all

counsel, have a duty not to pursue frivolous issues on appeal.
*United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994).

AFFIRMED.