IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10861
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR DURAN MUNOZ, also known as Chava,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-11-A-1
- - - - - - - - - -
April 8, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Salvador Duran Munoz challenges the sentence he received

after pleading guilty to possession with intent to distribute

cocaine.  He argues that the district court mistakenly believed

that it could not downwardly depart pursuant to U.S.S.G. § 5K2.0

based on his extraordinary acceptance of responsibility and his

stipulation to be deported.  The record does not indicate that

the court mistakenly thought it lacked the authority to

downwardly depart.  This claim is thus not reviewable.  See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>United States v. Burleson</u>, 22 F.3d 93, 95 (5th Cir. 1994).  Munoz also argues that he was entitled to the "safety-valve" provision of § 5C1.2.  The court's failure to apply this guideline did not constitute plain error.  <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  We have reviewed the record and the parties' briefs and AFFIRM the sentence imposed by the district court.

AFFIRMED.