IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30414
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

KIMIA JOHNSON,

                                          Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CR-209-2-T
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Kimia Johnson appeals his guilty plea convictions for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base.  Johnson argues for the first time on appeal that the Sentencing Guidelines, which establish heavier penalties for cocaine base offenses than for powder cocaine offenses, violate the Equal Protection Clause.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson misstates the applicable standard of review (review is for plain error), fails to address the appeal waiver in his appellate brief, and, regardless of the appeal waiver, ignores this court's well-settled case law holding that the sentencing disparity does not violate the Equal Protection Clause. See, e.g., United States v. Steen, 55 F.3d 1022, 1029 n.15 (5th Cir. 1995) (noting that this court and every other circuit that has addressed this argument has rejected it). It is also well-settled in this circuit that one panel may not overrule another prior panel absent intervening legislation, a decision by our en banc court, or a decision of the Supreme Court. Barber v. Johnson, 145 F.3d 234, 237 (5th Cir. 1997), cert. denied, 119 S. Ct. 518 (1998). The appeal is frivolous and is thus DISMISSED. See 5th Cir. R. 42.2. Counsel is warned that pursuing frivolous appeals invites sanctions. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

APPEAL DISMISSED; SANCTION WARNING ISSUED.