IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41089
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NARCOTT DEXTER HALL,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CR-20-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    Narcott Dexter Hall appeals his sentence following his guilty-plea conviction for possession with intent to distribute cocaine base. He argues that the district court clearly erred by failing to apply the downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 to his sentence. We review the district court's finding regarding acceptance of responsibility for clear error. United States v. Wilder, 15 F.3d 1292, 1298 (5th Cir. 1994).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record indicates that Hall denied essential elements of the charged offense during a presentence investigation interview. Hall specifically stated that he was unaware that the package he received from his codefendant contained crack cocaine.  The district court did not commit error, clear or otherwise, by denying Hall a downward adjustment for acceptance of responsibility.  See § 3E1.1 comment. (n.1(a)); see also United States v. Harlan, 35 F.3d 176, 181 (5th Cir. 1994)("A defendant's refusal to acknowledge essential elements of an offense is incongruous with the guideline's commentary that truthful admission of the conduct comprising an offense is relevant in determining whether a defendant qualifies for this reduction.")

This appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because it is frivolous, it is dismissed.  5th Cir. R. 42.2.  Defense counsel is warned that pursuing frivolous appeals invites sanctions.  See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

DISMISSED AS FRIVOLOUS.