IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20221
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALDEMAR ANGUILO-GONZALEZ, also known as Carlos Ramon Fernandez,
also known as Chile, also known as Aldomar Angulo-Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-398-ALL
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Represented by retained counsel, Aldomar Anguilo-Gonzalez pleaded guilty to possession of a firearm by an illegal alien and possession of cocaine with intent to distribute and he was sentenced to the lowest sentence recommended under the Sentencing Guidelines. The Federal Public Defender, Anguilo-Gonzalez's counsel on appeal, argues that his conviction and sentence must be vacated because the district court violated FED. R. CRIM. P. 11(c)(3) by failing to advise Anguilo-Gonzalez that he had a right to appointed counsel at trial if he could not afford a

--------------------

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retained attorney.  Counsel does not otherwise challenge the validity of Anguilo-Gonzalez's conviction and sentence.

Our review of the record convinces us that the district court's omission was not material to Anguilo-Gonzalez's decision to plead guilty.  <u>United States v. Johnson</u>, 1 F.3d 296, 298 (5th Cir. 1993) (en banc); <u>see</u> <u>United States v. Caston</u>, 615 F.2d 1111, 1115 (5th Cir. 1980).  Vacating and remanding for a trial or a new guilty plea would be an exercise in futility which could easily result in a harsher sentence.  Thus, the appeal is frivolous and is dismissed.  <u>See</u> <u>United States v. Burleson</u>, 22 F.3d 93, 95 (5th Cir. 1994); 5TH CIR. R. 42.2.

APPEAL DISMISSED.