IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20933
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR AURELIO SANCHEZ-ZUNIGA,
also known as Hector Sanchez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-183-1
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Hector Aurelio Sanchez-Zuniga (Sanchez) appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Sanchez challenges a sixteen-level increase to his base offense level pursuant to U.S.S.G. § 2L1.2. Sanchez's argument that mere possession of cocaine does not qualify as an "aggravated felony" for purposes of § 2L1.2 is foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Hinojosa-Lopez</u>, we determined that a prior conviction constitutes an aggravated felony for purposes of § 2L1.2 if "(1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." 130 F.3d at 694. <u>Hinojosa-Lopez's</u> rationale applies to the instant case. Possession of cocaine is punishable under the Controlled Substances Act, and such possession is a felony under Texas law. <u>See</u> 21 U.S.C. § 844(a); Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115 (West 2000).

Sanchez acknowledges that his appellate arguments are at least partially foreclosed by <u>Hinojosa-Lopez</u> but argues that a determination that he committed a drug-trafficking offense when he "merely possessed cocaine violates common sense, the rule of lenity, and the due process requirement of notice and specificity." "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). The term "aggravated felony" was not so ambiguous as to require an application of the rule of lenity. <u>See</u> <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

Sanchez's due process argument also is unconvincing. Sanchez is challenging a sentencing guideline, not a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990).

This appeal borders on being frivolous.  We caution counsel. Counsel has no duty to bring frivolous appeals; the opposite is true.  See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.