IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20448
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GEORGE WASHINGTON SIMMONS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-300-1
--------------------
February 12, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    George Washington Simmons appeals his conviction and
sentence for three counts of aiding and abetting possession of
cocaine base with intent to distribute.  He first argues that the
district court erred in denying his motions for a judgment of
acquittal.  The district court did not err in denying Simmons'
motions.  The evidence was sufficient to show that Simmons aided
and abetted Harris in the possession of cocaine base with intent
to distribute.  See United States v. Stephens, 964 F.2d 424, 427
n.8 (5th Cir. 1992); United States v. Drones, 218 F.3d 496, 505

------------------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 2000). Simmons' argument that he could not be convicted of aiding and abetting Harris because Harris was a "mule" is baseless; we have upheld convictions in similar factual scenarios. See United States v. Montgomery, 210 F.3d 446 (5th Cir. 2000), United States v. Brown, 217 F.3d 247 (5th Cir. 2000). Simmons' argument that he could not be convicted of aiding and abetting government agents squarely contravenes case law from this circuit. See United States v. Wise, 221 F.3d 140, 150 (5th Cir. 2000). The case that Simmons cites in support of this argument, United States v. Rodgers, 419 F.2d 13125 (5th Cir. 1969), does not exist. This issue borders on frivolity.

The evidence was also sufficient for the jury to reject Simmons' asserted entrapment defense. See United States v. Bradfield, 113 F.3d 515, 521 (5th Cir. 1997). Simmons has cited the improper standard of review in his discussion of this issue. He argues that the Government failed to rebut his prima facie case of entrapment and that he was thus entitled to a judgment of acquittal. However, the issue on appeal is whether the district court erred in declining to grant Simmons' motion for judgment of acquittal because the evidence established the defense as a matter of law. See United States v. Brace, 145 F.3d 247 (5th Cir. 1998)(en banc). This argument is also lacking in substance. The evidence established that Simmons was predisposed to sell narcotics, albeit marijuana rather than cocaine, and Simmons concedes this predisposition in his brief. The district court did not err in declining to grant Simmons' motion for judgment of acquittal based on his asserted defense of entrapment.

Simmons' final argument is that the district court erred in declining to give his requested jury instruction. This argument is frivolous. The instruction was inapposite, as it pertained to conspiracy, and Simmons was not charged with this crime. To the extent that Simmons wished the jury to be instructed that he could not aid and abet a government agent, this is an incorrect statement of law.

This appeal lacks merit and borders on frivolity. Accordingly, Simmons' attorney is cautioned against bringing such appeals in the future.[1] We remind him of his obligations to refrain from raising frivolous issues on appeal and to avail himself of the procedures outlined in Anders v. California, 386 U.S. 738 (1967) for disposing of cases that present no nonfrivolous issues. See United States v. Humphrey, 7 F.3d 1186, 1191 (5th Cir. 1993). We also admonish him that all counsel are subject to sanctions for bringing frivolous appeals. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994). Because Simmons has failed to demonstrate error on the part of the district court, that court's judgment is AFFIRMED.

---

[1] The brief contains several typographical errors, such as "aiding in the bedding" and "cracked cocaine." Brief, 12, 14. Counsel also uses the brief to comment at length about forfeiture, a topic that is not at issue in this appeal. See brief, 3 n.1. This is inappropriate.