IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41199
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO VALDEZ-GUERRERO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-00-CR-511-1)
--------------------
June 4, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Antonio Valdez-Guerrero was sentenced following his conviction on his plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He appeals the district court's refusal to depart downward from the Sentencing Guidelines for his alleged aberrant behavior. We dismiss for lack of jurisdiction.

    Valdez argues that we should remand for resentencing in light of an amendment to the United States Sentencing Guidelines (U.S.S.G.) that added § 5K2.20 effective one month after Valdez was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced. Under both the version of the Guidelines that was in effect at the time Valdez was sentenced and the version that became effective afterwards and included § 5K2.20, Valdez's conduct was not aberrant behavior. Regarding the pre-amendment version, we have held that aberrant behavior is generally a spontaneous and seemingly thoughtless act, not one resulting from substantial planning. See United States v. Williams, 974 F.2d 25, 26-27 (5th Cir. 1992). Here, the district court found that Valdez had ample time to consider his actions over the course of approximately three and one-half days between the time he was approached regarding the crime and the time he was arrested. The court also found that his actions resulted from substantial planning. The same finding would apply to the amended version of the Guidelines: Valdez's actions do not constitute aberrant behavior as defined by § 5K2.20.

The record demonstrates that, under either the pre-amendment or post-amendment versions of the Guidelines, Valdez's actions were committed with significant planning and were not spontaneous or of limited duration. Thus, a downward departure for aberrant behavior would not appear to be warranted. As the court did not misapprehend its authority under either version of the Guidelines, we lack jurisdiction to hear this appeal. See United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999). As such, Valdez's appeal is
DISMISSED.

S:\OPINIONS\UNPUB\00\00-41199.0
5/22/01  9:49 AM

2