**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-40617
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

OSCAR NAVARRO-GALLARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. M-00-CR-552-1)
_____

November 7, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

Counsel for Navarro-Gallado moves to withdraw, noting that
Navarro-Gallado pled guilty to the charge of illegal reentry into
the United States, 8 U.S.C. § 1326(a), and arguing that there is
no issue that merits appellate review.  Counsel's motion was
delivered to Navarro-Gallado, who has not responded.  "[I]f

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. Calfornia*, 386 U.S. 738, 744 (1967). In advising the Court that his case is without merit, counsel should isolate possibly important issues and provide citations to pertinent authority and the record. After having reviewed counsel's submission, any points raised by appellant himself, and the record, we may grant the motion to withdraw and dismiss the appeal. *See id.;* 5TH CIR. R. 42.2.

Our review of the record and of counsel's excellent *Anders* brief shows there to be no colorable issue for appeal. At the plea hearing, the district court explained to Navarro-Gallado that he could receive as many as 20 years' imprisonment along with three years' supervised release were he to pled guilty, and that we was facing a fine of up to $250,000 and a $100 assessment. Through an interpreter Navarro-Gallado acknowledged the court's admonition and also that he had been previously convicted of an aggravated felony and was deported from the United States for that crime. He admitted to having attempted to reenter unlawfully. Navarro-Gallado was not advised of the consequences of violating the conditions of supervised release. Any error caused by that omission was harmless, however, for term of imprisonment he ended up receiving, almost four years', plus three years' were he to violate the conditions of supervised

2

release, is still less than the 20 years' he was warned that he could receive.  *See United States v. Hekimain*, 975 F.2d 1098, 1102-03 (5th Cir. 1992).

Navarro-Gallado's sentencing likewise does not raise any cognizable issue for appeal.  The district court correctly determined his criminal history score (6), criminal history category (III), and total offense level (21).  The resulting imprisonment range was 46 to 57 months', and Navarro-Gallado received the minimum term.  The district court refused to depart from the guidelines, but we will not review such a decision unless it was based on an incorrect legal determination.  *See United States v. Burleson*, 22 F.3d 93, 94-95 (5th Cir. 1994). The district court's was not.

Motion GRANTED.  Appeal DISMISSED.