IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40063
Conference Calendar

_____

ROBERTO MARTINEZ,

Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:1-CV-727
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roberto Martinez, federal prisoner No. 28733-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his 365-month sentence for conspiracy to possess with intent to distribute more than 100 grams of methamphetamine in light of Apprendi v. New Jersey.[**]  Although Martinez proceeded pro se in the district court, he is represented by attorney Joel David Vera on appeal.  Counsel argues that the indictment was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] 530 U.S. 466 (2000).

fatally defective because it did not put Martinez on notice of the quantity of drugs on which his sentence would be based.

Martinez's sentence of 365 months imprisonment does not violate Apprendi because it is within the statutory maximum for the offense to which he entered a guilty plea. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001); see 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(vii); 21 U.S.C. § 846. Furthermore, Apprendi does not apply retroactively to cases on collateral review and an Apprendi claim does not satisfy the requirements of 28 U.S.C. § 2255's savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343 (5th Cir. 2002).

Counsel raises four additional arguments not raised in the district court: that the trial court should have held a hearing to determine whether the Government's decision not to file a U.S.S.G. § 5k1.1 motion was made in good faith; and that the trial court erred at sentencing by denying a downward adjustment for acceptance of responsibility, by finding that Martinez had a leadership role in the offense, and by holding Martinez responsible for 200 pounds of methamphetamine.

In addition to the fact that the foregoing issues were not presented to the district court for consideration, we note that the three sentencing arguments are barred by the waiver provision of Martinez's plea agreement and that none of the arguments are cognizable under § 2241. Counsel is CAUTIONED that he has a duty

not to raise frivolous arguments on appeal. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

Counsel has abandoned Martinez's district-court arguments that the Government breached the plea agreement by offering evidence of excessive drug quantities and that the district court erroneously departed upward when it increased Martinez's offense level based on his leadership role in the offense. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.