# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2013

No. 12-40233
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN ORTEGON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-787-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Ortegon appeals the 52-month within-guidelines sentence imposed following his guilty plea conviction to aiding and abetting the making of false statements to a federal firearms licensee during the acquisition of a firearm. *See* 18 U.S.C. §§ 2, 924(a)(1)(A). Ortegon argues that the district court imposed a procedurally and substantively unreasonable sentence because it did not grant him a downward departure for his substantial assistance pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 5K1.1, p.s.  Further, he contends that the sentence is otherwise procedurally and substantively unreasonable.

To the extent that Ortegon challenges the district court's refusal to downwardly depart from the guidelines range, the issue is not reviewable.  *See United States v. Burleson*, 22 F.3d 93, 94-95 (5th Cir. 1994).  This court may, however, consider whether Ortegon's within-guidelines sentence is unreasonable.  *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009).  Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we consider the procedural and substantive reasonableness of the sentence imposed.  *See Delgado-Martinez,* 564 F.3d at 752-53.

To the extent that Ortegon contends that his sentence is procedurally unreasonable in failing to account for the Government's purported unconstitutional motive in refusing to file a motion for a downward departure, because he did not raise this issue in the district court, plain error review applies, as Ortegon concedes.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  For Ortegon to prevail on plain error review, the error must be clear or obvious and affect substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If these requirements are met, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  Ortegon has not established error, plain or otherwise.  *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996); *Puckett*, 556 U.S. at 135.

As Ortegon concedes, review of his substantive reasonableness challenge also is limited to plain error.  *See United States v. Peltier,* 505 F.3d 389, 392 (5th Cir. 2007).  Although no 18 U.S.C. § 3353(a) factor required the district court to consider Ortegon's cooperation, the record reflects that the district court nonetheless heard and considered Ortegon's arguments for a reduced sentence

No. 12-40233

based on his cooperation but ultimately declined to impose a sentence below the guidelines range. *See United States v. Fraga,* 704 F.3d 432, 440 (5th Cir. 2013). Ortegon has shown no error, plain or otherwise, with respect to his argument that the sentence is procedurally or substantively unreasonable because it fails to account for his cooperation with the Government. *See id.*; *Puckett*, 556 U.S. at 135. Further, he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 360; *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Finally, the district court did not err in not giving Ortegon credit for time spent in federal custody. It is not authorized to do so. *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992).

Ortegon's motion to take judicial notice is GRANTED. The district court's judgment is AFFIRMED.