# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30399
Summary Calendar

———————

James McIntosh,

*Plaintiff—Appellant*,

*versus*

Robert Goings, *former sergeant*; Jonathan Stringer, *Lieutenant*;
Jacob Waskom, *Major*; Louisiana State, *through Louisiana
Department of Public Safety and Corrections Rayburn Correctional Center*;
Mickey Dillon, *Lieutenant*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1719

———————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

James McIntosh, Louisiana inmate # 582793, appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging excessive force, in violation of the Eighth Amendment, against the defendants. The district court determined

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that McIntosh's excessive force claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). McIntosh relatedly argues that the district court erred by admitting and relying on prison disciplinary reports that constituted hearsay in reaching its decision. He further contends that the district court erroneously denied his motion for an adverse inference based on spoliation due to the defendants' failure to preserve surveillance video of various parts of the use-of-force incidents and that the district court erred by dismissing his state-law tort claims without remand. McIntosh has abandoned his argument concerning remand of his state law claims by inadequately briefing it. *See Davis v. Davis*, 826 F.3d 258, 266 (5th Cir. 2016).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). If a favorable finding under § 1983 would necessarily imply the invalidity of the plaintiff's conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. *Heck* applies to prison disciplinary convictions that result in the loss of good-time credits, and it is immaterial whether the plaintiff in fact seeks the restoration of good-time credits. *Gray v. White*, 18 F.4th 463, 467 (5th Cir. 2021).

McIntosh contends that our precedents holding that *Heck* (1) applies to prison disciplinary convictions and (2) applies even where a prisoner does not expressly contest the loss of good-time credits or seek to recover lost good-time credits are in conflict with *Heck* and *Muhammad v. Close*, 540 US 749 (2004), as well as our own prior *Heck* decisions. We have repeatedly

rejected such arguments, including in appeals brought by McIntosh's counsel. *See Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021); *Aucoin v. Cupil*, 958 F.3d 379, 383 (5th Cir. 2020); *Gray*, 18 F.4th at 467; *Autin v. Goings*, No. 21-30678, 2023 WL 3004142 (5th Cir. Apr. 19, 2023); *see also Edwards v. Balisok*, 520 U.S. 641, 643-49 (1997) (applying *Heck* to prisoner's § 1983 claim challenging his prison disciplinary hearing). Furthermore, McIntosh does not challenge the district court's fact-specific *Heck* analysis. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He accordingly fails to show error in the conclusion that the defendants are entitled to judgment as a matter of law on the basis of *Heck*. *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012); FED. R. CIV. P. 56(a).

McIntosh relatedly shows no error in the district court's use of prison disciplinary reports to help determine whether his excessive force claims were *Heck* barred, as those reports were offered not to prove the truth of their contents but to show that prison officials had found him guilty of various disciplinary infractions. *See Santos*, 18 F.4th at 477; *Gray*, 18 F.4th at 470.

Finally, the district court did not abuse its discretion by denying McIntosh's request for an adverse inference based on spoliation of the prison surveillance videos. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). McIntosh fails to address the court's relevant finding that an adverse inference would not alter the *Heck* calculus. *See Brinkmann*, 813 F.2d at 748.

The judgment is AFFIRMED. Additionally, in light of our prior rejections of counsel's arguments regarding *Heck*'s applicability and the admissibility of the prison disciplinary reports in indistinguishable circumstances, as well as counsel's failure to address the district court's fact-specific findings supporting its *Heck* ruling, counsel is CAUTIONED that sanctions may be imposed for bringing frivolous appeals. *See United States v.*

No. 22-30399

*Burleson*, 22 F.3d 93, 95 (5th Cir. 1994); *Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988).