# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10584
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA MATTHEW GARVIN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-252-1

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Joshua Matthew Garvin appeals his conviction for conspiracy to possess with intent to distribute a controlled substance. He contends that his guilty plea should be vacated because the magistrate judge violated Federal Rule of Criminal Procedure 11(b)(1)(N) during his plea colloquy by failing either to recite the terms of his appeal waiver or to read the full waiver

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

provision from his plea agreement instead of referring to the waiver and noting that it had exceptions. We review the forfeited Rule 11 argument for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Garvin must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id*.

We perceive no error by the magistrate judge. Garvin's signed plea agreement and the transcript of his plea colloquy reflect that he read and understood the plea agreement and the appeal waiver, that he was aware of his right to appeal and that he was waiving it in the plea agreement, and that he had no questions about the waiver. *See United States v. Alvarado-Casas*, 715 F.3d 945, 949, 955 (5th Cir. 2013); *United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir. 2011). Additionally, Garvin's argument on the third prong of the plain error standard is purely conclusory, *see United States v. Dominguez Benitez*, 542 U.S. 74, 82-83 (2004), and he entirely fails to address the fourth prong, *see United States v. Caravayo*, 809 F.3d 269, 273-74 (5th Cir. 2015). Accordingly, the judgment of the district court is AFFIRMED.

Appointed counsel Josh Norrell's continued assertion, largely verbatim, of the same unavailing challenge to plea colloquies that are essentially indistinguishable now borders on frivolous. Counsel is WARNED that sanctions may be imposed for the filing of frivolous appeals. *See United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994); *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).