# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40566
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Dario De Los Santos-Pascal,

*Defendant—Appellant.*

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-74-3

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Dario De Los Santos-Pascal appeals his conviction and sentence for conspiracy to manufacture and distribute heroin while intending, knowing, and having reason to believe it would be unlawfully imported into the United States. He argues that his guilty plea should be vacated because his appeal

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

waiver is ambiguous and confusing and because the plea colloquy was insufficient to ensure that the appeal waiver was knowing and voluntary.

We review the validity of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). But because Santos-Pascal did not object to the plea colloquy in the district court, we review the alleged Rule 11 violation for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To prevail on plain error review, Santos-Pascal must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

We perceive no error by the magistrate judge. Santos-Pascal's signed plea agreement and the transcript of his plea colloquy reflect that he read and understood the plea agreement and appeal waiver, that he was aware of his right to appeal, that he was waiving that right in the plea agreement, and that he had no questions about the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). The record demonstrates that there was no error, plain or otherwise, regarding the sufficiency of the plea colloquy to ensure that Santos-Pascal understood the terms of the appeal waiver in accordance with Federal Rule of Criminal Procedure 11(b)(1)(N) and that the appeal waiver was knowing and voluntary. *See United States v. Alvarado-Casas*, 715 F.3d 945, 949, 953 (5th Cir. 2013); *see also Puckett*, 556 U.S. at 135. We also reject Santos-Pascal's contention that the language in the appeal waiver was ambiguous such that he could not have understood it to validly waive his right to appeal. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011).

No. 23-40566

Appointed counsel Josh Norrell's continued assertion of similar unavailing challenges to plea colloquies borders on frivolous. Counsel is WARNED that sanctions may be imposed for the filing of frivolous appeals. *See United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994); *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).

AFFIRMED.