United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40164
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDIDO ARREOLA-ALBARRAN, also known as Igeniero, also known as
Engineer, also known as El Tigre, also known as Cesar Torres-
Avila, also known as El Tio,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-290-1
---------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Candido Arreola-Albarran (Arreola) pleaded guilty to
conspiracy to possess with intent to distribute more than 1000
kilos of marijuana and more than five kilos of cocaine and
conspiracy to commit money laundering as part of an extensive
narcotics conspiracy.

He first argues that the district court should have
capped his offense level, before making any downward adjustments,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

at 43.  As Arreola raises this issue for the first time on appeal, we review for plain error.  See United States v. Brown, 437 F.3d 450, 451, cert. denied, 126 S. Ct. 2310 (2006).  We previously rejected a similar argument in an unpublished but precedential decision.  See United States v. Wood, No. 94-10217, slip op. at 15 (5th Cir. Feb. 8, 1995) (quoting United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993).  Accordingly, Arreola has not shown plain error.

Arreola also challenges the two points the district court assessed for the possession of firearms under U.S.S.G. § 2D1.1(b)(1).  We review the district court's application of the Sentencing Guidelines de novo and review factual findings for clear error.  United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).  The district court may adopt facts stated in the presentence report (PSR) if they have an adequate basis and the defendant does not rebut them.  Id.

The facts contained in the PSR repeatedly reveal firearms in the organization's stash houses with drug paraphernalia. Moreover, when officers arrested Arreola in North Carolina, they observed a firearm within easy reach of him in a trailer that also contained narcotics.  Arreola has failed to rebut the evidence of the use of firearms in the conspiracy.  The record as a whole demonstrates that the district court did not clearly err in finding that Arreola possessed a dangerous weapon in connection with the conspiracy.

2

Arreola also argues that the district court clearly erred in assessing a U.S.S.G. § 3B1.1(a) four-level adjustment for his leadership role in the offense. Again, Arreola has failed to rebut the considerable evidence in the record that he indeed exercised such a leadership role by directing other individuals in the organization, funding the activities of the organization, and recruiting new members. There is no clear error in the district court assessment of four points for Arreola's role in the offense.

Lastly, Arreola argues that the district court erred in failing to depart downward in recognition of Arreola's assistance to the Government. The district court's refusal to depart pursuant to U.S.S.G. § 5K1.1 is not reviewable unless the district court mistakenly believed that it had no discretion to so depart. United States v. Burleson, 22 F.3d 93, 94-95 (5th Cir. 1994). There is no evidence in the record that the district court misunderstood its authority under § 5K1.1. A district court has no authority to depart on the basis of substantial assistance under § 5K1.1 absent a Government motion. United States v. Solis, 169 F.3d 224, 226 (5th Cir. 1999). Thus, the district court's decision is not reviewable. Id.; Burleson, 22 F.3d at 94-95.

To the extent that Arreola is contending that the district court's decision to impose a sentence within the Guidelines range is unreasonable, he has failed to rebut the presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

For these reasons, Arreola's sentence is AFFIRMED.