# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

Lyle W. Cayce
Clerk

No. 11-40015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO MEZA-ROJAS, also known as Chacho, also known as El Ocho,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-926-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Meza-Rojas pleaded guilty to conspiracy to possess, with intent to distribute, 169 kilograms of cocaine and 4,736 kilograms of marijuana. The district court sentenced him to 324-months' imprisonment and five-years' supervised release. Meza, proceeding *pro se*, challenges on numerous grounds both his conviction and sentence.

Meza contends the district court erred when accepting his guilty plea by: failing to admonish him regarding the nature of the charge against him; taking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

multiple pleas in the same proceeding;  failing to advise him fully on the consequences of supervised release; and wrongly advising him that he was subject to a term of supervised relief for life.  No objection having been made in district court to any of these claimed errors, review is only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).  To show reversible plain error, Meza must show a forfeited, plain (clear or obvious) error that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, our court has the discretion to correct the plain error, but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceeding.  *Id.*  Meza has not shown that the district court committed any errors in accepting his guilty plea. And even if he had, Meza has not made the requisite showing, under plain-error review, that it was reasonably probable that, but for any error, he would not have pleaded guilty.  *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

Meza also maintains the Government breached the plea agreement by: introducing information that raised his base offense level above 32; not recommending a sentence reduction for his cooperation; and not allowing him additional opportunities to cooperate.  Because Meza did not raise this breach-of-plea-agreement issue in district court, review is again only for plain error.  *E.g.*, *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005).  Meza has the burden of demonstrating, by a preponderance of the evidence, the underlying facts that establish the breach.  *E.g.*, *United States v. Roberts,* 624 F.3d 241, 246 (5th Cir. 2010).  Meza cannot meet this burden, however, because he has not shown that the Government made any of the promises he alleges were breached.

Meza claims the district court erred in accepting his guilty plea because there was an insufficient factual basis to establish that he conspired to possess the controlled substances with the intent to distribute them. The elements of possession with intent to distribute a controlled substance are:  (1) knowledge; (2) possession of a controlled substance; and (3) intent to distribute. *E.g.*, *United*

*States v. Ortega Reyna*, 148 F.3d 540, 543-44 (5th Cir. 1998). Given that the controlled substances were the equivalent of thousands of pounds of marijuana, intent to distribute may be inferred. *E.g.*, *United States v. Guanespen-Portillo*, 514 F.3d 393, 396-97 (5th Cir. 2008).

Meza contends, on several grounds, that his sentence of 324-months' imprisonment was procedurally flawed and substantively unreasonable. Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), the first inquiry is whether the district court committed any procedural errors. If the district court's decision is procedurally sound, next considered, "under an abuse-of-discretion standard", is "the substantive reasonableness of the sentence imposed", in the light of "the totality of the circumstances". *Id.*

Meza asserts the district court erred in holding him responsible for an equivalent amount of 38,536 kilograms of marijuana. Along that line, Meza contends the district court erred by not resolving his objections to the presentence investigation report (PSR) and by adopting the facts contained in it. The district court's findings of fact at sentencing are reviewed under the clearly-erroneous standard. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000). It may rely on a PSR when making factual determinations and "may adopt the facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence". *United States v. Cooper*, 274 F.3d 230, 239 (5th Cir. 2001). "The defendant has the burden of showing that the information relied on by the district court in the PSR is materially unreliable." *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009) (internal quotation marks omitted). Meza has not shown that this factual finding failed to resolve the disputed issues or was clearly erroneous.

Meza maintains the district court erred in applying the four-level enhancement for his leadership role in the offense. Review is for clear error. *Lyckman*, 235 F.3d at 237. Under Sentencing Guideline § 3B1.1(a), defendant's

offense level should be increased by four levels if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". Meza has not shown that the district court clearly erred in determining Meza satisfied these requirements for being a leader of the extensive criminal activity. *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir.), *cert. denied*, 132 S. Ct. 191 (2011).

Meza contends the district court erred in calculating his total offense level when it subtracted the three-level, acceptance-of-responsibility reduction from an adjusted total offense level of 44, rather than 43, the highest total offense level allowed under the advisory Sentencing Guidelines. Meza did not raise this issue in district court. In *United States v. Arreola-Albarran*, 210 F. App'x 441, 443 (5th Cir. 2006), our court found that plain-error review was appropriate for this issue when not raised in district court. Our court then found that the district court's method of calculation was not plain error. *Id.*; *see also United States v. Wood*, 48 F.3d 530, **6-7 (5th Cir. 8 Feb. 1995).

Meza claims his sentence of 324-months' imprisonment was substantively unreasonable because it failed to account adequately for disparity in the sentences given his codefendants. When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *E.g.*, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court heard and specifically considered Meza's sentencing-disparity contention, but concluded that a sentence within the recommended Guidelines range was appropriate. Meza has not shown that the district court failed to give proper weight to his contention. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Lastly, and notwithstanding his specific agreement to a two-level, obstruction-of-justice increase to his offense level, Meza asserts that the district court erred by increasing his punishment for such conduct. He relies on an extradition treaty between the United States and Mexico. (The obstruction-of

-justice enhancement stemmed from Meza's escape from custody, after indictment, and subsequent extensive time as a fugitive in Mexico.) Meza raised this issue before the district court, which rejected it, noting that Meza was not being prosecuted for escaping from custody, and that it could consider such evidence as a sentencing factor for the conspiracy offense. Review is *de novo*. *E.g.*, *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Meza's contention lacks merit. "[The] use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct". *Witte v. United States*, 515 U.S. 389, 399 (1995). *See also United States v. Angleton*, 201 F. App'x 238, 243-44 (5th Cir. 2006) (applying *Witte* to reject challenge similar to Meza's); *United States v. Garrido-Santana*, 360 F.3d 565, 576-79 (6th Cir. 2004) (same); *United States v. Lazarevich*, 147 F.3d 1061, 1063-65 (9th Cir. 1998) (same).

AFFIRMED.