# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2010

No. 09-50493
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMENAK ABULYAN; FREDRIK ABULYAN, also known as Frederick
Abulyan,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-196-2

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Armenak Abulyan and Fredrik Abulyan were convicted by a jury of
conspiracy to commit access-device fraud, aiding and abetting in such fraud, and
aiding and abetting in access-device-making equipment, in violation of 18 U.S.C.
§§ 2, 1029 (a)(1), (a)(4) and (b)(2). Fredrik Abulyan was sentenced to 33 months'
imprisonment; Armenak Abulyan, to 36 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Armenak Abulyan contends the court erred in admitting recorded statements he made to police during a two-hour-and-30 minute traffic stop because the statements were made while he was in custody and prior to being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). He further contends the videotape of the traffic stop was introduced into evidence in violation of the standing discovery order because it was not disclosed timely. Armenak and Fredrik Abulyan claim the district court erred in applying a two-level "sophisticated means" enhancement, pursuant to Guideline § 2B1.1(b)(9)(C).

When reviewing the denial of a suppression motion, conclusions of law are reviewed *de novo*; findings of fact, for clear error. *United States v. Gibbs*, 421 F.3d 352, 356–57 (5th Cir. 2005). Along that line, the evidence is viewed in the light most favorable to the prevailing party. *Id.* The denial of a motion to suppress may be affirmed based on any rationale supported by the record. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 758 (5th Cir. 1999).

We need not decide whether the roadside detention converted to a *de facto* arrest prior to the statements made by Armenak Abulyan, for which *Miranda* warnings would be required, because, even if it did, the error was harmless. *See United States v. Zavala*, 541 F.3d 562, 581 (5th Cir. 2008) ("A constitutional error may be deemed harmless if the beneficiary of the constitutional error proves beyond a reasonable doubt that the error complained of did not contribute to the verdict." (citing *Neder v. United States*, 527 U.S. 1, 15 (1999))); *United States v. Virgen-Moreno*, 265 F.3d 276, 294 (5th Cir. 2001) (noting that even though the district court erred in admitting statements obtained during pre-*Miranda* custodial questioning, any error was harmless beyond a reasonable doubt in the light of other overwhelming evidence relating to matters for which defendant had given statement).

Based upon the evidence adduced at trial, both direct and circumstantial, and the effect of the constitutional violations on the trial process, the evidence

unrelated to the alleged constitutional violation and which linked Armenak Abulyan and his brother to the unauthorized use of credit card numbers was overwhelmingly sufficient to establish Armenak Abulyan's guilt beyond a reasonable doubt. *See United States v. Bentley*, 875 F.2d 1114, 1117 (5th Cir. 1989) (citing *Germany v. Estelle*, 639 F.2d 1301, 1303 (5th Cir. 1981)). Therefore, any error in admitting Armenak Abulyan's statements was harmless. *See id.*; *Virgen-Moreno,* 265 F.3d at 294.

Further, Armenak Abulyan failed to show the district court abused its discretion in allowing the videotaped statements into evidence. He bases this contention on the grounds that the Government failed to provide the videotape within the time provided in the district court's discovery order.

Defendants requested a one-day continuance to review the video, and the court granted that request. Although the trial immediately resumed, without objection, there was no further testimony about the video; and, the video was not shown to the jury until the following day, pursuant to the agreed-upon continuance. Therefore, Armenak Abulyan has failed to demonstrate he was denied due process or that the court abused its broad discretion in remedying the alleged failure of the Government to comply with its discovery order in the manner in which it did. *Bentley*, 875 F.2d at 1118.

Defendants also challenge the application of the two-level enhancement under Guideline § 2B1.1(b)(9)(C) for "sophisticated means" and contend that the application constituted double counting because they also received a two-level enhancement under § 2B1.1(b)(10), based on the offense involving the possession of device-making equipment. Defendants contend that their conduct was not complex or intricate in either its execution or concealment and that no evidence existed as to the execution of the scheme other than that they purchased fuel with fraudulent cards.

The district court's factual finding that Defendants used sophisticated means is reviewed only for clear error. *United States v. Conner,* 537 F.3d 480, 492 (5th Cir. 2008) (citing *United States v. Powell*, 124 F.3d 655, 666 (1997)).

Guideline 2B1.1(b)(9)(C) provides for a two-level increase in the offense level if the offense otherwise involved sophisticated means. The commentary to § 2B1.1 provides in pertinent part that "'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, comment. (n.8(B)). The commentary further notes that "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means". *Id.*

Defendants were found in possession of a credit card swiper; the swiper had been used to reprogram magnetic strips on other cards found in the possession of Defendants with credit card numbers obtained without the authorization of the account holders; Defendants used the reprogrammed magnetic-strip cards at different fueling stations around the country; the unauthorized credit card numbers were only used for a few transactions each, which lessened the likelihood of the fraud being discovered; and the credit card numbers were reprogrammed onto cards that would not readily be identified as credit cards, such as Coffee Bean cards, which had the effect of concealing the nature of the fraudulent scheme. Based on the totality of the evidence, the district court's application of the sophisticated-means enhancement was not clearly erroneous. *See Connor*, 537 F.3d at 492.

Finally, "[d]ouble counting is prohibited only if the particular guidelines at issue specifically forbid it". *United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.1, comment. (n.4(A)) (explaining when multiple adjustments within one Guideline are permissible). Defendants have not pointed to any guideline provision that forbids the application of both enhancements, and there is no such prohibition. *See* § 2B1.1.

Moreover, the application of two different adjustments to the same course of conduct does not constitute double counting if each adjustment targets a different aspect of Defendants' behavior. *United States v. Scurlock*, 52 F.3d 531, 540 (5th Cir. 1995); *see also United States v. Olis*, 429 F.3d 540, 549 (5th Cir. 2005) (holding that two similar enhancements that are based on essentially the same conduct could both be applied). Defendants not only used device-making equipment, but they used it as part of a scheme that, on the whole, was sophisticated. Accordingly, application of the enhancements was permissible and did not constitute double counting.

AFFIRMED.