**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 7, 2011

No. 10-40478

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN PODIO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
(7:10-CR-6-1)

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Podio pleaded guilty, pursuant to a plea agreement, to the possession of fifteen or more counterfeit access devices—in this case, credit cards—with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3). Podio admitted that government agents found sixteen counterfeit credit cards in his residence and a magnetic card-encoding device in his storage unit. The district court calculated a Sentencing Guidelines range of 24 to 30 months imprisonment and imposed a within-Guidelines sentence at the top of that range, that is, 30

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40478

months imprisonment followed by a three-year term of supervised release. Podio appeals his sentence, arguing that the district court erred in applying an enhancement for an offense "involv[ing] sophisticated means." He also argues that the district court failed to adequately explain the reasons for his sentence and that the sentence imposed was substantively unreasonable.

The application of the sophisticated-means enhancement under section 2B1.1(b)(9)(C) of the United States Sentencing Guidelines Manual,[1] is a "'factual determination'" that "'is reviewed for clear error.'" *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008) (quoting *United States v. Powell*, 124 F.3d 655, 666 (5th Cir. 1997)). Podio argues that the district court's inference that the offense Podio committed must have involved data hacking in order to obtain the credit card numbers encoded onto the counterfeit cards was improper. However, Podio also acknowledges that the district court alternatively concluded that his possession and use of a magnetic card-encoding device itself constituted "sophisticated means." We pretermit the question of whether the inference of hacking was appropriate and consider only Podio's arguments regarding the district court's alternative ground.

Podio does not contend that the use of such a device was not a sophisticated means of committing the crime; instead, he argues only that the court could not permissibly impose the sophisticated-means enhancement on that basis because the same conduct served as the basis for a separate enhancement under section 2B1.1(b)(10)(A)(i) and (B)(i) for the "possession or use of any . . . device-making equipment" or "the production or trafficking of any . . . counterfeit access device." Under our well-established precedent, however, "the Sentencing Guidelines do not forbid all double counting. Double counting is impermissible only when the particular guidelines in question forbid it."

---

[1] The district court used the 2009 edition of the Sentencing Guidelines in this case. The numbering and wording of the section is identical in the current (2010) edition.

2

No. 10-40478

*United States v. Godfrey*, 25 F.3d 263, 264 (5th Cir. 1994)(footnote omitted). Further, under *United States v. Calbat*, any such prohibition against double counting "must be in express language."  266 F.3d 358, 364 (5th Cir. 2001).

Podio argues that the word "otherwise"[2] in the section in question prohibits double counting, but this argument is specious.  Read in context, the word "otherwise" refers to other matters in the same paragraph, not to the entirety of the Guidelines.  In an unpublished case, we have held that the use of a magnetic card-encoding device *does* permit the application of both the (b)(9)(C) and (b)(10) enhancements, explaining that the "[d]efendants have not pointed to any guideline provision that forbids the application of both enhancements, *and there is no such prohibition.*"  *United States v. Abulyan*, 380 F. App'x 409, 412 (5th Cir. 2010)(per curiam)(unpublished) (emphasis added).  We are persuaded that this rationale is correct.  Therefore, we affirm the district court's use of this enhancement on the alternative ground found by the district court and do not reach the "inference of hacking" argument.[3]

Podio's remaining arguments challenge the adequacy of the district court's articulation of its reasons for selecting the sentence that it did and the

---

[2] Subsection (b)(9) reads, in full:

> If (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means, increase by 2 levels.  If the resulting offense level is less than level 12, increase to level 12.

[3] We note also that the overall scheme involved a sophisticated interstate network. During his interview, Podio admitted that he had purchased the cards from a person he had met in Houston.  A co-defendant stated that he had purchased credit card numbers from a friend in Miami, Florida, and provided them to a group including Podio who would encode the numbers onto counterfeit cards.  Podio's encoding work took place in the shadow of the international border.  His efforts to paint this situation as a mere "local crime," therefore, ring hollow.

substantive reasonableness of the sentence imposed.  Podio concedes that he failed to preserve either of these errors in the district court and that our review of both issues is therefore limited by this circuit's precedent to plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  "We remedy forfeited error only when it is plain and affects the defendant's substantial rights.  Even when these elements are met, we have discretion to correct the forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Mondragon-Santiago*, 564 F.3d at 361 (quoting *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005)(internal citation omitted)).

As to the alleged failure to explain, the explanation offered by the district court for the within-Guidelines sentence imposed here, though brief, is certainly adequate under plain error review.  *See Mares*, 402 F.3d at 519 ("When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required."); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").  As to the substantive reasonableness of the sentence, Podio has failed to rebut the "presumption of reasonableness" that we apply to a within-Guidelines sentence, *see, e.g.*, *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009)—again, particularly given that our review is limited to plain error.

AFFIRMED.