# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2011

No. 11-20073
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN VELAQUEZ DE LA TORRE, also known as Domingo Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-10-CR-541-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Velaquez de la Torre (De la Torre) pleaded guilty of false representation of United States citizenship (count 1), false statement in application and use of a passport (count 2), and aggravated identity theft (count 3). The district court imposed a total term of imprisonment of 27 months, and it stated in the written judgment that it intended that De la Torre receive a credit of four months for time served in state custody for a related state offense and of two months for time spent in the custody of United States Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Customs Enforcement (ICE) officials prior to being transferred to federal custody for prosecution of this case.

De la Torre contends in this appeal that there is variance between the district court's oral pronouncement of the sentence and the written judgment with respect to the six-month credit for time served in state and ICE custody. De la Torre contends, that to ensure that he receives the benefit of the six-month credit, the judgment should have stated that the total term of imprisonment was 21 months, rather than 27 months. He contends that the judgment should be vacated in part and the case remanded so that the written judgment may be conformed to the district court's oral pronouncement. Although De la Torre concedes that the Bureau of Prison's (BOP) sentence data sheet reflects that he is receiving the credit, he contends that the judgment should be corrected because it is not binding on the BOP.

We review this question for an abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). A defendant has a constitutional right to be present at sentencing. *Id.* at 380-81. "[I]f the written judgment *conflicts* with the sentence pronounced at sentencing, that pronouncement controls." *Id.* at 381 (emphasis in original). Generally, in the event of such a conflict, this court will remand the case and direct the district court to amend the written judgment to conform to the oral pronouncement. *See United States v. Garcia*, 604 F.3d 186, 191 (5th Cir.), *cert. denied*, 131 S. Ct. 291 (2010). "If, however, there is merely an ambiguity between the oral and written sentences, [this court] review[s] the entire record to determine the [district] court's intent." *Id.*; *see also United States v. Mireles*, 471 F.3d 551, 558-59 (5th Cir. 2006). If the ambiguity can be resolved, remand is not necessary because the oral pronouncement and the written judgment are not in conflict. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

De la Torre's real complaint is that it is possible that the BOP will misinterpret the district court's intent and will not be compelled to give him the

six-month credit because the written judgment is ambiguous. Both the oral pronouncement and the written judgment reflect the district court's intent that De la Torre's time served in state custody and in ICE custody be credited against his 27-month guidelines sentence. The written judgment expresses this intent more clearly than the oral pronouncement. Although it is arguable that the written judgment is ambiguous, it is not in conflict with the oral pronouncement. *See Mireles*, 471 F.3d at 558-59. The judgment is

AFFIRMED.