[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2012
JOHN LEY
CLERK

No. 11-12329
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00410-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY SCOTT BIDWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Timothy Bidwell appeals his conviction for attempting to persuade, induce,

or entice an individual under 18 years of age to engage in sexual activity by means

of a computer. Bidwell argues that the district court violated his Fifth and Sixth Amendment rights to present a defense when it precluded him from calling as witnesses adult women with whom he had previously had sexual relations and precluded the admission of several sexually explicit exhibits involving the defendant engaging in consensual sex with adult females.

At trial, Officer Kurt Romanosky testified that he received a Crime Stoppers tip about an ad for an open-minded person willing to share their daughter. The ad said:

> Looking for open-minded mom that would like to share her daughter. I am serious. You be too. Mom can join or watch. Looking for sometime today or tomorrow. Put willing to share in subject line so I know you're real. TTYL.

Romanosky replied using an undercover profile, and stated that he was a 37 year old white female named Cindy, with two daughters, ages 11 and 14. After conversing primarily about the daughters, Bidwell and "Cindy" agreed to meet at 2:00 p.m. the following afternoon. A female detective was playing the role of "Cindy," and when Bidwell arrived at the meeting location he was taken into custody.

Bidwell's defense at trial was that he was the type of person who would say or do anything, including discussing sex with a minor, to entice an adult female to have sex with him. To establish that he was such a person, he sought to introduce,

2

*inter alia*, exhibits including a homemade sex video and photographs of group sex acts with an adult female, his prior conviction for solicitation of prostitution, his multiple on-line solicitations of prostitutes, his large adult pornography collection, and his prior on-line solicitations for sexual encounters involving adults for lawful sex acts. The district court declined to admit this evidence, and declined to allow him to call as witnesses adult females who he had previously had sexual relations with because the district court determined that the evidence would tend to confuse the jury. In addition, the district court advised counsel for Bidwell that such a defense theory had the potential to backfire.

We review for abuse of discretion a district court's evidentiary rulings. *United States v. Todd*, 108 F.3d 1329, 1331-32 (11th Cir. 1997). We review for abuse of discretion a district court's decision to grant or deny a new trial in a criminal case. *United States v. Pedrick*, 181 F.3d 1264, 1266 (11th Cir. 1999). A defendant has the constitutional right under the Fifth and Sixth Amendments to present a defense. *United States v. Frazier*, 387 F.3d 1244, 1271 (11th Cir. 2004) (*en banc*). However, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 653, 98 L.Ed.2d 798 (1988).

Here, Bidwell's constitutional right to a fair trial was not violated, and the district court did not abuse its discretion in denying Bidwell's motion for a new trial. The district court allowed Bidwell to introduce substantial evidence in support his defense theory, including his own testimony about his past sexual behavior in which he repeatedly lied to and manipulated women. Over the government's objection, the district court also allowed Bidwell to introduce several emails into evidence to corroborate his testimony that he lied to and manipulated adult women. At trial, Bidwell testified that when he was online trying to pick up women he would figure out what a woman was interested in and then pretend to be interested in the same thing. For example, he responded to an ad on Craigslist claiming to be a body piercer in order to get the woman who posted the ad to sleep with him. Here, he stated that he posted an ad stating that he was looking for an "open-minded mom" because he was looking for an uninhibited woman, and that he had previously been with a mother and daughter that were of legal age. He stated that when he posted the current ad, he was looking to do that again.

The district court determined that the introduction of additional emails related to his consensual sexual relationships with adult females and his lying and manipulations as well as his homemade sex video, and still photos of group sex,

4

would have been cumulative.  Additionally such evidence would have tended to confuse the jury since it was related to sexual conduct other than that which was charged in the indictment.  We conclude that the district court did not err in excluding this evidence, and that the district court did not abuse its discretion in refusing to grant a new trial on the same evidentiary grounds.

Bidwell further argues that the judgment erroneously reflects that he was convicted of the completed offense instead of the attempted offense. "It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgment." *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999).  Indeed, we may "vacate the judgment and remand the case to the district court for entry of a judgment in accordance with" the jury's verdict if the erroneous entry of the judgment is considered "a clerical error, and the correction of the judgment would not prejudice the defendant in any reversible way." *Id.*  The judgment incorrectly reflects that Bidwell was convicted of the completed offense instead of attempt. Therefore, we remand this case to the district court for the limited purpose of correcting the judgment.

**CONVICTION AFFIRMED; JUDGMENT VACATED AND REMANDED FOR LIMITED PURPOSE.**