## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40995

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN PODIO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-6-1

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Martin Podio pleaded guilty in 2010 to a single count of possession of counterfeit access devices affecting interstate commerce. He was sentenced to 30 months in prison, three years of supervised release, and restitution of $24,797.87, jointly and severally with his codefendants Julio Jomarron ($24,797.87) and Rey Jomarron ($13,185.92). After revocation, the joint and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40995

several designation of the restitution from the judgment of conviction was omitted.  Podio appeals the revocation order and asks for a correction.

## DISCUSSION

Specifically, Podio asks that this matter be remanded to the district court for correction of the written revocation judgment under Rule 36 of the Federal Rules of Criminal Procedure because the judgment does not accurately reflect the restitution order with regard to the joint and several liability.  He further asserts that the nature of the clerical error – omission of the joint and several liability specification – was discoverable only upon issuance of the written judgment, and, thus, he did not have an opportunity to object prior to its entry.

The Government asserts that the district court did not orally pronounce at either the original sentencing hearing or in the present revocation hearing that Podio was jointly and severally liable along with his codefendants for payment of restitution.  Further, the Government argues that, because Podio failed to challenge the omission of a joint and several liability order at the revocation hearing or in post-judgment motions, plain error review applies and that Podio fails to establish plain error.

The Government relies on case law for the proposition that, where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement prevails.  *See United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). The Government also argues that the written judgment on Podio's first revocation, which he did not appeal, did not reflect that the restitution was to be joint and several.

While Podio could have sought to correct the judgment in his post-judgment Rule 35 motion, Rule 36 provides that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or

correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Further, Rule 36 is an exception to the general rule of divesting district court jurisdiction on appeal.  *United States v. McGee*, 981 F.2d 271, 273 (7th Cir. 1992), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); *cf. United States v. Mackay*, 757 F.3d 195, 196-200 (5th Cir. 2014) (reversing denial of Rule 36 motion to correct clerical error 13 years after judgment).

This court has previously reviewed clerical errors for the first time on appeal and properly remanded for correction of the errors without resolving the standard of review.  *See United States v. Nagin*, 810 F.3d 348, 353-54 (5th Cir. 2016); *United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003); *Martinez*, 250 F.3d at 942.

The district court clearly ordered joint and several liability for restitution for Podio and his codefendants.  The written judgments of conviction for all three defendants indicated the same thing.[1]  Podio's judgment was affirmed by this court on appeal.  *United States v. Podio*, 432 F. App'x 308 (5th Cir. 2011). No matter what transpired during the first revocation, Podio's final judgment of conviction, as affirmed by this court, designates joint and several liability. Under Rule 36, he would be able to get that initial revocation judgment corrected even now if it were still in effect.  Regardless, the prior revocation order is of no consequence since we are here on a different revocation.

Despite the fact that the final and binding criminal judgment designates joint and several liability, the revocation order restates or amends the terms of that judgment while omitting necessary information.  Although the re-

---

[1] If the Government disputed whether the district court orally pronounced the joint and several liability designation, then it had the opportunity to raise that issue on direct appeal.

imposition of restitution after revocation is not a new judgment, the terms are altered here. The district court specified Podio's remaining liability on restitution of $23,172.97[2] and ordered him to pay it in equal monthly installments of $2,106.63 over a period of 11 months. However, the district court's inclusion of this fixed payment amount and failure to state that this remaining liability is joint and several to the obligations of Podio's codefendants contradicts the final judgment of conviction. Thus, a correction is warranted.

This court has previously remanded similar cases for correction of errors. *See, e.g., Martinez*, 250 F.3d 941. Because of the conflict between the original judgment of conviction and the revocation order here, we REMAND for correction of error.

---

[2] Assuming this amount is correct.