# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

_____

No. 22-40301

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Frances Salinas De Leon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1502-2

_____

Before Richman, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2021, Frances Salinas De Leon entered a plea agreement for her role in defrauding the City of Le Joya, Texas. At sentencing, the district court orally pronounced De Leon's term of imprisonment, adopted the standard supervised-release conditions listed in a court-wide standing order, and stated the total amounts owed in restitution and forfeiture. Six days later, the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court entered a written judgment that appeared to be inconsistent with the oral pronouncements. De Leon timely appealed. For the reasons set forth below, we affirm the district court's judgment.

## I

Frances Salinas De Leon and her codefendants, who included her father, who was the mayor of the City of La Joya, Texas, defrauded that city and other entities. For example, loans were made by one of those entities, the Le Joya Economic Development Corporation (EDC), for community projects. Invoices for the costs of construction for certain of those projects were inflated, and when checks written by EDC to pay the invoices were cashed, kickbacks to De Leon were paid from the loan funds. In 2021, pursuant to a plea agreement, De Leon pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349.

As stated in the plea agreement, De Leon agreed to make several restitution payments—to be determined by the district court—to the four entities harmed by her conduct. First, De Leon agreed to restitution to the La Joya EDC in an unspecified amount based on the offense of conviction. Second, De Leon agreed to make a restitution payment to the City of La Joya in an amount not to exceed $22,000. Third, De Leon agreed to restitution in an amount not to exceed $23,386 to the U.S. Department of Housing and Urban Development (HUD), which had funded loans made by EDC. Finally, De Leon agreed to restitution to the La Joya Housing Authority Non-Profit (HAN) in an amount not to exceed $26,641. She also agreed to forfeit to the United States an amount not to exceed $105,000, in accordance with the district court's findings.

At sentencing, the district court adopted the factual findings included in the presentence report (PSR), which included an appendix setting forth the proposed mandatory and standard conditions for supervised release. The

district court identified the total loss from De Leon's fraudulent activity to be $280,531.26 and ordered restitution in that amount. The court found that the loss to La Joya EDC was $200,000, the loss to the City of La Joya was $22,000, and the loss to the "Le Joya Housing Authority" was $58,531.26. The court found that De Leon's conduct merited a sentence above the guidelines range and sentenced De Leon to 39 months in prison. The district court also ordered three years of supervised release and stated that De Leon had to comply with the "binding mandatory conditions required by law" and with the "standard conditions adopted by this Court."[1] As a special condition, the district court pronounced that it was requiring De Leon to "participate in a mental health program until she completes that program with the approval of a Probation Officer and the program director."

In addition to pronouncing De Leon's prison sentence and adopting the standard supervised-release conditions, the district court pronounced forfeiture in the amount of $61,500. Six days later, the district court entered a written judgment that appeared to be inconsistent with the oral pronouncements. The written judgment included joint-and-several liability for the restitution obligation and detailed an unspecified amount regarding forfeiture. It also included the standard conditions listed in a court-wide standing order.[2] De Leon timely appealed.[3]

---

[1] These standard conditions are listed in a court-wide and public standing order. *See* U.S. Southern District of Texas General Order No. 2017-01 (Jan. 6, 2017), https://www.txs.uscourts.gov/file/3945/download?token=GAvFAGlJ.

[2] *Id.*

[3] *See* Fed. R. App. P. 4(b)(1)(A).

No. 22-40301

## II

Criminal defendants have a constitutional right to be present at sentencing.[4] For this reason, the district court must orally pronounce the defendant's sentence in the defendant's presence.[5] When there is a conflict between the oral sentence and written judgment, the oral pronouncement controls, and the judgment must be amended to conform with the oral sentence.[6] However, when there is only an ambiguity between the oral and written sentences, this court must review the record and determine the appropriate sentence by discerning the intent of the sentencing court.[7]

On appeal, De Leon challenges three aspects of her written judgment—all of which relate to alleged conflicts between the oral pronouncement and written judgment. First, she argues that the district court failed to properly pronounce the standard conditions of supervised release included in the judgment. Second, she maintains that the inclusion of joint-and-several restitution liability in the written judgment directly conflicts with the orally pronounced sentence. Third, she contends that there is a conflict between the oral pronouncement and the written judgment as to her forfeiture obligation.

## A

De Leon asserts that the standard conditions of her supervised release were not orally pronounced at sentencing and must be removed from the

---

[4] *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam) (citing *United States v. Martinez*, 250 F.3d 941, 941 (5th Cir. 2001) (per curiam)); *see also* FED. R. CRIM. P. 43(a)(3) ("[T]he defendant must be present at . . . sentencing.").

[5] *United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc).

[6] *Id.*; *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

[7] *United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019).

written judgment. She maintains that fifteen conditions included in the written judgment did not satisfy the pronouncement requirement. Generally, any supervised release condition not required by 18 U.S.C. § 3583(d) is considered discretionary and must be orally pronounced at sentencing.[8] The district court is not required to recite these conditions "word-for-word."[9] But, as we explained in *United States v. Diggles*,[10] the district court must pronounce the discretionary conditions in some form to allow for objection.[11]

Before assessing the merits of De Leon's claim, we must determine the appropriate standard of review. When a defendant objects to her supervised release conditions for the first time on appeal, as in the present case, the standard of review depends on whether she had a chance to object in the district court.[12] The chance to object exists when the court notifies a defendant at sentencing that conditions are being imposed.[13] If the defendant had the chance to object, this court reviews for plain error only; if the defendant did not, this court reviews for abuse of discretion.[14]

Here, De Leon received notice of the supervised release conditions and had the opportunity to object. An appendix to the PSR stated that "[w]hile on a term of supervised release or probation, the defendant shall comply with the following applicable mandatory conditions and all standard

---

[8] *See, e.g.*, *Diggles*, 957 F.3d at 557-59.

[9] *Grogan*, 977 F.3d at 352-53.

[10] 957 F.3d 551, 557-59 (5th Cir. 2020) (en banc).

[11] *Id.* at 559-60.

[12] *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022).

[13] *Id.* at 367.

[14] *See id.* at 366; *Grogan*, 977 F.3d at 352.

conditions of supervision that have been adopted by the Court as well as any additional special conditions." That appendix listed ten "mandatory" conditions, thirteen "standard" conditions, and one "special" condition of supervised release. The special condition pertained to mental health treatment and included a justification for imposition of that condition based on De Leon's specific history. The "mandatory" and "standard" conditions of supervised release contained in the appendix tracked those contained in a district-wide standing order.

The PSR was disclosed four times to De Leon before the sentencing hearing. At the hearing, the district court pronounced that "[De Leon is] to comply with the standard conditions adopted by this Court or by binding mandatory conditions required by law." As we explained in *Diggles*, "[a] standing order provides advance notice of possible conditions . . . . And the in-court adoption of those conditions is when [a] defendant can object."[15] We have further explained that the district court may adopt the standard conditions set forth in a standing order via a "shorthand reference" at sentencing.[16] In this case, the existence of a court-wide standing order in the Southern District of Texas,[17] combined with the district court's pronouncement at sentencing, gave De Leon notice of the standard conditions and afforded her the opportunity to object when the conditions

---

[15] *Diggles*, 957 F.3d at 561.

[16] *See, e.g.*, *United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022) (per curiam).

[17] U.S. Southern District of Texas General Order No. 2017-01 (Jan. 6, 2017), https://www.txs.uscourts.gov/file/3945/download?token=GAvFAGlJ.

were adopted.[18]  Accordingly, we review her challenge for plain error only.[19] A standard that "is difficult to overcome."[20]

De Leon must show that a clear or obvious error with the oral pronouncement affected her substantial rights.[21]  In doing so, she contends the district court failed to pronounce the standard conditions adequately. She maintains that the district court did not ensure that she had an opportunity to read and review the conditions with counsel.  In response, the Government argues that the district court satisfied the pronouncement requirement by adopting the court-wide standing order in De Leon's presence.

The Government is correct.  The district court is not required to recite the standard supervised release conditions verbatim.[22]  A district court satisfies the pronouncement requirement by, inter alia, referring to a list of recommended conditions and ensuring that the defendant had the chance to review the list.[23]  Here, the district court did just that.  In imposing the supervised release conditions, the district court stated that De Leon had to comply with "the standard conditions adopted by this Court."  Given the

---

[18] *See Vargas*, 23 F.4th at 528; *Diggles*, 957 F.3d at 561; *Grogan*, 977 F.3d at 352.

[19] *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021) ("Because the court told [defendant] it was imposing 'standard conditions,' he had notice and an opportunity to object . . . ."); *United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023) ("Because [defendant] did not object when the district court pronounced that it was imposing the standard and mandatory conditions, [defendant] forfeited his objection.").

[20] *Diggles*, 957 F.3d at 559 (internal quotation marks omitted).

[21] *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021).

[22] *Grogan*, 977 F.3d at 352-53.

[23] *See Diggles*, 957 F.3d at 560-64 & n.5; *United States v. Martinez*, 47 F.4th 364, 367 (5th Cir. 2022).

existence of the Southern District's standing order, it reasonably could be understood that the standard conditions being imposed were the ones listed in the order.[24]  After all, at the time of De Leon's sentence, the Southern District's standing order had been in existence for over five years.[25]

De Leon argues that the district court did not satisfy the pronouncement requirement because it failed to confirm that she read and reviewed the conditions included in the PSR appendix.  But this misstates the pronouncement rule established in *United States v. Diggles*.[26]  The district court is not obligated to ask the defendant specifically whether she read and reviewed the discretionary conditions included in the adopted document.[27]  Instead, the court "must ensure . . . that the defendant had an *opportunity* to review [the conditions] with counsel."[28]  Because of the longstanding existence of the court-wide standing order and the listed conditions included in the PSR appendix, De Leon had that opportunity.

Indeed, our recent decision in *United States v. Baez-Adriano*[29] clarified the implication of an in-court adoption of a court-wide standing order.

---

[24] *See Martinez*, 15 F.4th at 1181 ("Given the longstanding existence of the Western District's standing order, defense counsel certainly knew that the standard conditions being imposed were the ones listed in the standing order . . . ."); *United States v. Vargas*, 23 F.4th 526, 528-29 (5th Cir. 2022); *Baez-Adriano*, 74 F.4th at 297.

[25] U.S. Southern District of Texas General Order No. 2017-01 (Jan. 6, 2017), https://www.txs.uscourts.gov/file/3945/download?token=GAvFAGlJ.

[26] *Diggles*, 957 F.3d at 560.

[27] *See Baez-Adriano*, 74 F.4th at 301; *United States v. Chavez*, No. 20-50550, 2022 WL 767033, at *4 (5th Cir. Mar. 14, 2022) (unpublished) (affirming even where the district court never referred to the standing order or confirmed that defendant had reviewed it with counsel).

[28] *Diggles*, 957 F.3d at 561 n.5 (emphasis added).

[29] *Baez-Adriano*, 74 F.4th at 298-302.

There, we noted: "if the conditions imposed in the written judgment match those in the standing order, a district court need only orally reference the standard conditions to satisfy the pronouncement requirement."[30]  Put differently, when the district court adopts a court-wide standing order in the defendant's presence, it satisfies the oral-pronouncement requirement.  De Leon has not demonstrated the district court plainly erred by including those same standard conditions in the written judgment.

**B**

De Leon next argues that the written judgment conflicts with the oral sentence as to the restitution award.  In short, she argues that the written judgment details her restitution obligation as being joint and several, but the district court did not pronounce at sentencing that joint-and-several liability would be imposed.  De Leon raises this issue for the first time on appeal, for the simple reason that she had no opportunity at sentencing to object to the joint-and-several liability later included in the written judgment.  Accordingly, we review the court's imposition for an abuse of discretion.[31]

At sentencing, the district court pronounced that De Leon's restitution amount was $280,531.26.  The district court did not state the restitution obligation was joint and several.  Nevertheless, the written judgment specifies that De Leon's restitution obligation is joint and several with her codefendants, Jose Adolfo Salinas and Ramiro Alaniz.

---

[30] *Id.* at 301.

[31] *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004) ("Once we have determined that an award of restitution is permitted by the appropriate law, we review the propriety of a particular award for an abuse of discretion.") (citation omitted).

The threshold question is whether the discrepancy between the oral pronouncement and the written judgment presents a conflict or "merely an ambiguity."[32]  In general, a conflict exists if the written judgment "broadens the restrictions or requirements of supervised release"[33] or "impos[es] a more burdensome requirement" than that of the oral pronouncement.[34] Here, the Government contends that De Leon's written judgment containing joint-and-several liability is not "more burdensome" than the oral pronouncement.  It argues that joint-and-several liability as to De Leon's $280,531.26 restitution amount is in fact beneficial to the defendant.  This is because her codefendants could, in theory, pay portions of the amount and lessen De Leon's total liability.  Accordingly, the Government maintains there is no conflict between the written judgment and oral pronouncement.

We agree that the inclusion of joint-and-several-liability neither broadens the burden of the condition of supervised release nor imposes a more burdensome requirement.  De Leon could only benefit from the shared liability included in the written judgment.[35]

Our court has previously recognized that a conflict exists in the converse scenario.[36]  When the district court orally pronounced joint-and-

---

[32] *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

[33] *Id.* (noting that a conflict exists "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement").

[34] *Bigelow*, 462 F.3d at 383 (explaining that there is a conflict when the burden imposed by the written sentence exceeds that of the orally pronounced sentence).

[35] By way of example, she either would remain liable for the entire amount of restitution ordered if her codefendants paid nothing or her obligation would be reduced by payments made by her codefendants.

[36] *See United States v. Podio*, 672 F. App'x 487, 488-89 (5th Cir. 2017) (per curiam) (unpublished); *see also United States v. Dillard*, 83 F. App'x 678, 679 (5th Cir. 2003) (per curiam) (unpublished) (remanding for district court to amend judgment holding defendant

several liability but failed to include the shared liability in the written judgment, we noted that "a correction [was] warranted."[37]  That is because in that case, the written judgment made the defendant solely liable and therefore did impose a more burdensome requirement.

## C

De Leon next maintains that there is a conflict between the oral pronouncement and the written judgment as to her forfeiture obligation.  She argues that the district court ordered her at sentencing to forfeit a specific amount of money—$61,500—whereas the written judgment detailed no specific forfeiture responsibility.  This court reviews the alleged error, which appeared initially in the judgment, for abuse of discretion.[38]

The operative question is whether the discrepancy between the written judgment and oral pronouncement represents a conflict or ambiguity.[39]  The Government argues that the discrepancy is a reconcilable ambiguity.  We agree.  The judgment does not impose a more burdensome requirement or otherwise expand De Leon's forfeiture obligation.[40]  Instead, it imposes a forfeiture amount that is ambiguously defined.  This ambiguity

---

liable for entire amount of a fine to conform to oral sentence holding defendant liable for only one half plus one cent of fine jointly and severally liable with codefendant).

[37] *Podio*, 672 F. App'x at 489.

[38] *See, e.g.*, *Bigelow*, 462 F.3d at 381; *United States v. Flores*, 664 F. App'x 395, 397 (5th Cir. 2016); *United States v. De La Torre*, 445 F. App'x 806, 807 (5th Cir. 2011).

[39] *See, e.g.*, *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Torres-Aguilar*, 352 F.3d 934, 935-36 (5th Cir. 2003) (per curiam).

[40] *See Bigelow*, 462 F.3d at 381 (explaining that there is a conflict when the burden imposed by the written sentence exceeds that of the orally pronounced sentence); *Mireles*, 471 F.3d at 558 (noting that a conflict exists "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement").

can be resolved by reviewing the record and identifying the intent of the district court.[41]

We start with the written judgment.  The judgment effectively incorporated the forfeiture provision included in the plea agreement.  That provision stated that De Leon had to forfeit the amount determined by the district court—limiting the amount to a maximum of $105,000.  Next, we turn to the district court's forfeiture calculation.  At sentencing, the district court determined the forfeiture obligation and pronounced it to be $61,500, quantifying the to-be-determined-amount in the plea agreement provision.  Accordingly, when analyzing the record wholistically, the district court's intent becomes abundantly clear.  The judgment, by citing to the forfeiture provision included in the plea agreement, ordered De Leon to forfeit the amount pronounced at sentencing—$61,500.  In other words, the oral sentence provides the necessary context for resolving the ambiguity found in the written judgment.  Accordingly, the district court did not abuse its discretion.  De Leon's forfeiture obligation is $61,500.

The ambiguity presented here would typically be treated as a clerical error correctable under Federal Rule of Criminal Procedure 36.[42]

\*     \*     \*

For the foregoing reasons, we REMAND for the district court to correct the written judgment to conform with its oral pronouncement that De Leon's forfeiture obligation is $61,500.  We AFFIRM all other aspects

---

[41] *See United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019).

[42] *See* FED. R. CRIM. P. 36; *United States v. Nagin*, 810 F.3d 348, 353-54 (5th Cir. 2016) (recognizing that Rule 36 is a proper way to address the failure of the judgment to reflect the oral sentence); *see also United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009) ("[T]he failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36.").

of the district court's judgment.