# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50807

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joel Garcia Elizondo, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-86-1

———————————————————————

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Joel Garcia Elizondo Jr. appeals this case in which he was convicted for attempted enticement of a minor and sentenced within the U.S. Sentencing Guidelines. He argues that the district court erred by not expressly recognizing its authority to grant a downward departure from the Guidelines based on a recently promulgated amendment to the Guidelines. We conclude that we lack jurisdiction to remand for downward departure.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50807

Thus, we do not alter Elizondo's sentence, although we need to send a limited remand to the district court for correction of clerical errors.

## I.    Background

A grand jury charged Elizondo with knowingly attempting to entice a person who he thought was under 18 years old to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  He was convicted after a jury trial.

Elizondo's sentencing hearing was held November 1, 2023, the same day the 2023 amendments to the Sentencing Guidelines took effect.  *See generally* U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023) [hereinafter USSG Manual].  One such amendment was Amendment 821, which amended the commentary to Guideline § 4A1.3 to say that "[a] downward departure from the defendant's criminal history category *may* be warranted" if "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." *Id.* § 4A1.3 cmt. n.3(A)(ii) (emphasis added); *see also* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28272 (May 3, 2023) (proposing amendment); U.S. Sent'g Comm'n, Amendment 821 (effective Nov 1, 2023), https://www.ussc.gov/guidelines/amendment/821 [https://perma.cc/6D8F-H3GF].  Importantly, this amendment does not *require* a change to a defendant's criminal history category in this context.

In advance of Elizondo's sentencing hearing, a probation officer prepared a presentence report (PSR), which calculated Elizondo's offense level and criminal history category under the Guidelines.  The PSR says the "2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level."

The PSR calculated a Guidelines imprisonment range of 135 to 168 months, based on a criminal history category of II and an offense level of 32.

The probation officer "[did] not identif[y] any factors that would warrant a departure from the applicable sentencing guideline range," according to the PSR. In determining Elizondo's criminal history category, the PSR assigned three criminal history points. Without two criminal history points assigned for marijuana possession, Elizondo's criminal history category would have been I, and his Guidelines imprisonment range would have been 121 to 151 months. *See* USSG MANUAL ch. 5, pt. A.

Elizondo raised two objections to the PSR but did not object on the basis of Amendment 821. The probation officer declined to further revise the PSR.

At the November 1 sentencing hearing, Elizondo renewed his two objections. The district court overruled the objections and adopted the PSR and its application of the Guidelines. Again, Elizondo did not object on the basis of Amendment 821 or move for a downward departure under the amendment.

The district court sentenced Elizondo to 168 months of imprisonment. Elizondo timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231. As a general matter, we have jurisdiction over Elizondo's appeal pursuant to 28 U.S.C. § 1291.

As to a more specific matter, the parties dispute whether we have jurisdiction to consider Elizondo's principal argument and, if so, what standard of review we should apply. We agree with the Government, as we explain below.

## III.    Discussion

Elizondo raises two issues on appeal.  First, he argues that the district court, in imposing Elizondo's sentence, erred by not recognizing its authority to grant a downward departure based on Amendment 821.  The Government contends that we do not have jurisdiction to consider such a challenge to Elizondo's sentence.  Second, Elizondo argues that the PSR and the written judgment contain clerical errors in that they inaccurately characterize his conviction as enticement of a minor rather than *attempted* enticement of a minor.

### A. Downward Departure

We have limited appellate jurisdiction to review a criminal defendant's challenge to a final sentence.  *See* 18 U.S.C. § 3742(a).  Where a defendant's appeal of his criminal sentence "involves only his dissatisfaction with the district court's refusal to grant a downward departure and not a legal error or misapplication of the guidelines . . . we lack jurisdiction over his appeal."  *United States v. DiMarco*, 46 F.3d 476, 477 (5th Cir. 1995) (per curiam).  We do have jurisdiction, however, if the failure to grant a downward departure from the guidelines "was in violation of the law."  *United States v. Burleson*, 22 F.3d 93, 94–95 (5th Cir. 1994) (per curiam).  "Such a violation of law occurs if the district court refuses to depart under the mistaken assumption that it could not legally do so."  *Id.* at 95.  "[S]omething in the record must indicate that the district court held such an erroneous belief."  *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013) (alteration in original) (quotation omitted); *accord United States v. Brown*, 98 F.3d 690, 694 (2d Cir. 1996) (per curiam) (stating that there is a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure" that "is overcome only in the rare situation where the record provides a reviewing

court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority").

Despite the fact that Elizondo did not even ask for a downward departure, much less argue about the amendment, he argues on appeal that the district court erred in not recognizing its Amendment 821 discretion to grant a downward sentencing departure on the ground that Elizondo's category II criminal history designation was based on convictions for marijuana possession. He asks us to remand for sentence reconsideration and to make sure the district court understood its discretion under Amendment 821.

The Government contends that, even if we have jurisdiction to consider this argument, plain-error review applies because Elizondo did not raise it in the district court. Elizondo urges us to apply de novo review, arguing that he may timely raise issues that the district court addressed sua sponte. Elizondo appears to contend that the inclusion in the PSR of a section addressing factors that may warrant departure from the Guidelines, along with the district court's adoption of the PSR, amounted to raising the departure issue sua sponte.

While the failure to raise the issue below is significant, we need not resolve the dispute over the standard of review, because even if the standard is de novo, we do not have jurisdiction to grant the relief Elizondo requests. There is nothing in the record indicating that the district court "refuse[d] to depart [from the Guidelines] under the mistaken assumption that it could not legally do so." *Burleson*, 22 F.3d at 94–95.

Elizondo places great weight on the PSR's statement that the probation officer "ha[d] not identified any factors that would warrant a departure from the applicable sentencing guideline range." Elizondo argues

that the probation officer's conclusion was erroneous in light of Amendment 821.

But the relevant language of Amendment 821 is permissive, not mandatory. *See* USSG Manual § 4A1.3 cmt. n.3(A)(ii) (stating that a downward departure "*may* be warranted" if the defendant received criminal history points for possession of marijuana for personal use only (emphasis added)). In other words, it would be fully consistent with the record and with Amendment 821 to conclude that the probation officer and the district court were fully aware that Elizondo was *eligible* for a downward departure under the newly promulgated amendment but nevertheless decided that it would not be appropriate under the circumstances to *grant* the downward departure sua sponte. Indeed, the PSR specifically stated that it applied the "2023 Guidelines Manual, incorporating all guideline amendments," and the district judge adopted the PSR in full. Thus, on this record, we decline Elizondo's invitation to assume the district court's silence about Amendment 821 indicated that the court was unaware of its authority under the amendment, especially where Elizondo himself failed to ask the court to apply it. *See Burleson*, 22 F.3d at 95; *Brown*, 98 F.3d at 694.[1]

In sum, there is no evidence in the record that "the district court's refusal to depart from the guidelines . . . was in violation of the law." *Burleson*, 22 F.3d at 94–95. We thus do not have jurisdiction to further consider Elizondo's challenge to the district court's sentence in this case. *See DiMarco*, 46 F.3d at 477.

---

[1] Elizondo's reliance on *United States v. Ritchey*, 949 F.2d 61 (2d Cir. 1991) (per curiam), is unavailing. There, the defendant moved in the district court for a downward departure, and the district court denied the motion. *Id.* at 62–63. In denying the motion, the district court made "an ambiguous statement regarding its authority to depart from the guidelines." *Id.* That is not the situation here.

## B. Clerical Errors

Next, Elizondo points out that the PSR and the district court's written judgment inaccurately characterize his offense as enticement of a minor rather than *attempted* enticement of a minor.  He asks that we remand to the district court so that this clerical error can be corrected.  The Government does not dispute the clerical error.  We note at the outset that we do have jurisdiction under 28 U.S.C. § 1291 to consider this argument.

"This court has previously reviewed clerical errors for the first time on appeal and properly remanded for correction of the errors without resolving the standard of review."  *United States v. Podio*, 672 F. App'x 487, 488 (5th Cir. 2017) (per curiam) (collecting cases); *see also United States v. Bidwell*, 451 F. App'x 853, 856 (11th Cir. 2012) (per curiam) (remanding for correction of clerical error where judgment erroneously reflected that defendant "was convicted of the completed offense instead of the attempted offense").  Accordingly, we provide a limited remand to the district court for the limited purpose of correcting the clerical errors in the PSR and the written judgment.

## IV.    Conclusion

For the reasons above, we REMAND to the district court for the limited purpose of correcting the clerical errors identified above.  Elizondo's appeal is otherwise DISMISSED.